**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MICHAEL'S MARKET, INC., | ) | Case No. 11-52013 |
| | ) | |
| Debtors. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing: February 26, 2014 at 10:30 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **February 26, 2014 at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle, in the courtroom usually occupied by her, Courtroom No. 742, in the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, or before any judge who may be sitting in her place or stead, and shall then and there present the **Final Application of Meltzer, Purtill & Stelle LLC for Allowance of Fees and Expenses**, a copy of which is attached hereto and hereby served upon you, at which time and place you may appear as you see fit.

Dated: February 5, 2014                                              **MICHAEL'S MARKET, INC.**

                                                                                  By:  /s/ *David L. Kane*
                                                                                          One of Its Attorneys

David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (facsimile)

{33599: 005: 01297022.DOC : }

# **CERTIFICATE OF SERVICE**

      I, David L. Kane, an attorney, certify that on February 5, 2014, I caused copies of the **Notice of Motion** and **Final Application of Meltzer, Purtill & Stelle LLC for Allowance of Fees and Expenses** to be served via electronic notice on the parties appearing on the Court's CM/ECF notice list and via First Class U.S. Mail, postage prepaid, on the parties so noted below.

By:  /s/ *David L. Kane*

(i)    via electronic notice on the parties appearing on the Court's CM/ECF notice list:

- Andrew J Abrams     aabrams@boodlaw.com, bjabaay@boodlaw.com
- Michael T. Benz     benz@chapman.com, eickmann@chapman.com
- Marshall L Blankenship     mblankenship@adlmb.com
- Lawrence W. Byrne     lbyrne@pedersenhoupt.com, njohnston@pedersenhoupt.com;ccastro@pedersenhoupt.com
- William D Cherny     bill@chernylaw.com
- Mark D Conzelmann     mconzelmann@tresslerllp.com, chicagodocket@tresslerllp.com
- Monette W Cope     ecfnil@weltman.com
- Gabrielle M D'Adamo     gdadamo@johnstongreene.com, agreene@johnstongreene.com;mmeneghini@johnstongreene.com;sschmidt@johnstongreene.com
- Steven M De Falco     sdefalco@meuerslawfirm.com, lrogers@meuerslawfirm.com
- John S. Delnero     john.delnero@klgates.com, Chicago.docket@klgates.com;darlene.mroz@klgates.com
- Jeffrey D Eaton     jeaton@schiffhardin.com
- Mary J Fassett     mjf@mccarronlaw.com
- Jeffrey L. Gansberg     jgansberg@muchshelist.com, nsulak@muchshelist.com
- David J. Gold     dgold@perkinscoie.com, jmatamoros@perkinscoie.com
- Brian M. Graham     bgraham@pedersenhoupt.com
- George P Hampilos     georgehamp@aol.com, kris@hampilos-langley.com
- Jacqueline M Helmrick     jhelmrick@agdglaw.com, wserritella@agdglaw.com
- Timothy M Hughes     thughes@lavellelaw.com
- Julie A. Johnston-Ahlen     jjohnston-ahlen@novackandmacey.com, mbianchi@novackmacey.com
- William B Kohn     kohn@wbkohnlaw.com
- Forrest B Lammiman     flammiman@mpslaw.com, dkane@mpslaw.com;srogovin@mpslaw.com;dnichols@mpslaw.com;mpslawllc@gmail.com;jlitwin@mpslaw.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Joanne Lee     jlee@foley.com, khall@foley.com
- Robert B. Marcus     rmarcus@attorneymm.com, mail@attorneymm.com
- Jenny R McGovern     jmcgovern@mcdonaldhopkins.com, smcdonald@mcdonaldhopkins.com;lburrell@mcdonaldhopkins.com
- Bryan Minier     bminier@pedersenhoupt.com

- Karen Newbury    knewbury@schiffhardin.com, edocket@schiffhardin.com;rkaferly@schiffhardin.com
- Jeffrey B Rose    jrose@tishlerandwald.com, bmurzanski@tishlerandwald.com
- Konstantine T. Sparagis    gsparagi@yahoo.com, mark@atbankruptcy.com;gus@atbankruptcy.com;tim@atbankruptcy.com;ameyers@atbankruptcy.com;josietroester@msn.com;gus@bestclientinc.com
- Shaun D Sperling    ssperling@agdglaw.com, molson@agdglaw.com
- John D. Spina    jspina@smolaw.com, johndspina@sbcglobal.net
- L. Judson Todhunter    JTodhunter@howardandhoward.com
- Jason M Torf    jtorf@schiffhardin.com, edocket@schiffhardin.com
- James M True    mtrue@murphydesmond.com, bthill@murphydesmond.com
- Mark R Valley    mvalley@lawmrv.com, mcaiazzo@lawmrv.com
- Bruce L Wald    bwald@tishlerandwald.com
- Richard Wohlleber    wohlleber@chapman.com, benz@chapman.com;lombardo@chapman.com
- Daniel A Zazove    docketchi@perkinscoie.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MICHAEL'S MARKET, INC., | ) | Case No. 11-52013 |
| | ) | |
| Debtors. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing: February 26, 2014 at 10:30 a.m. |

**FINAL APPLICATION OF MELTZER, PURTILL & STELLE LLC**
**FOR ALLOWANCE OF FEES AND EXPENSES**

Meltzer, Purtill & Stelle LLC ("MPS"), counsel to Michael's Market, Inc., debtor and debtor-in-possession in the above-captioned case (the "Debtor"), pursuant to 11 U.S.C. §§ 330 and 503(b)(2), hereby applies (the "Final Application") for entry of an order allowing as final the amount of $69,286.50 for legal services rendered and $2,859.00 for expenses incurred during the period from December 30, 2011 to January 31, 2014 (the "Final Period"). In support of its Final Application, MPS respectfully states as follows:

**INTRODUCTION**

1. This Court has jurisdiction over this Final Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On December 30, 2011 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Illinois (the "Court"), commencing the above-captioned chapter 11 case.[1]

---

[1] The chapter 11 cases of each of the Debtor's nine affiliated debtors were dismissed effective as of June 30, 2013.

{33599: 005: 01297022.DOC : }

3.   On January 19, 2012, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in these cases.

4.   On January 26, 2012, the Court entered the *Order Granting Application to Employ and Retain Meltzer, Purtill and Stelle LLC as Attorneys for the Debtors Pursuant to 11 U.S.C §§ 327(a) and 329* [Dkt. No. 93], approving the employment of MPS as counsel to the Debtor retroactive to the Petition Date.

5.   On February 6, 2013, the Court entered an order [Dkt. No. 560] (the "Sale Order") approving the sale of substantially all of the Debtor's assets (the "Sale").  Pursuant to the Sale Order, the proceeds of the Sale were to be retained by Debtor's counsel until further order of the Court.

6.   On May 29, 2013, the Court entered an order [Dkt. No. 664] stating that "MPS shall retain the right to file an application for fees and expenses incurred with respect to Debtor Michael's Market Place, Inc. only, and shall retain the right to be compensated on a pro rata basis for any allowed administrative claim against Debtor Michael's Market Place, Inc."

7.   On January 21, 2014, following the conclusion of an adversary proceeding [Adv. Proc. 13-00740] to determine the holder of the first priority lien on the Sale proceeds, the Court entered a judgment order [Adv. Proc. 13-00740, Dkt. No. 68] holding that Lake Park LLC is entitled to payment of all of the Sale proceeds.

8.   On January 22, 2014, the Court entered an order [Dkt. No. 730] approving the settlement between Lake Park LLC and the Debtor, whereby Lake Park LLC agreed to pay the Debtor the amount of $35,000.00 from the Sale proceeds.  Those funds are currently held in trust by Debtor's counsel.

9.  The Debtor is administratively insolvent, and the $35,000.00 retained in trust by Debtor's counsel is the only remaining asset of the Debtor's estate. Accordingly, following entry of the order approving this Final Application, MPS will only receive its pro rata share of its fees and expenses allowed herein.[2]

## RELIEF REQUESTED

10.  MPS seeks entry of an order allowing on a final basis its fees and expenses incurred in the Debtor's case as set forth in this Final Application.

## MPS PROFESSIONALS AND SERVICES PROVIDED

11.  The attorneys and paralegals performing services for the Debtor, and their respective hourly billing rates, are set forth in the chart below. The hourly rates for the MPS professionals listed below are customary, reasonable and comparable to hourly rates charged for similar legal services by similarly skilled professionals.

## SUMMARY BY TIMEKEEPER

12.  Pursuant to Bankruptcy Rule 2016(a), a narrative summary of the services rendered by MPS during the Final Period is set forth herein. Itemized and detailed descriptions of the specific services rendered and expenses incurred by MPS to the Debtor during this period are reflected on the billing statements attached hereto as **Exhibit A** through **Exhibit H**. The billing statements set forth the name of each attorney or paralegal providing service, the date on which each service was rendered, the amount of time expended rendering each service in one-tenth (0.10) hourly intervals, a description of the services rendered and the total amount of services rendered by each attorney or paralegal in each category. A master invoice setting forth all of the

---

[2] Contemporaneously herewith, the Debtor has filed a separate Motion seeking the Court's approval of the pro rata distribution of the $35,000.00 to administrative claimants.

fees and expenses sought by MPS under this Final Application is also attached hereto as **Schedule 1**.

13. The legal services rendered to the Debtor by MPS and the invoices attached hereto which evidence such services have been categorized pursuant to a task-based billing system based upon the ABA Uniform Task-Based Management System — Bankruptcy Code Set and Litigation Code Set derived from the task-based code set published by the U.S. Department of Justice, Executive Office for the United States Trustee.

14. The services rendered by MPS to the Debtor during the Final Period have been segregated into eight (8) task-based categories, including an Expenses category:

    (a)    (**Exhibit A**) B110-Case Administration

    (b)    (**Exhibit B**) B130-Asset Disposition;

    (c)    (**Exhibit C**) B160-Fee/Employment Applications;

    (d)    (**Exhibit D**) B185 – Assumption/Rejection of Leases and Contracts

    (e)    (**Exhibit E**) B190 – Other Contested Matters

    (f)    (**Exhibit F**) B210-Business Operations;

    (g)    (**Exhibit G**) B310-Claims Administration and Objections; and

    (h)    (**Exhibit H**) Expenses.

15. The fees sought by MPS in each of the aforesaid billing categories are summarized as follows:

### SUMMARY BY TASK

| Task | | Hours | Amount |
|---|---|---:|---:|
| B110 | Case Administration | 2.60 | 1,157.00 |
| B130 | Asset Disposition | 42.10 | 18,734.50 |
| B160 | Fee/Employment Applications | 6.20 | 2,759.00 |
| B185 | Assumption/Rejection of Leases and Contracts | 7.20 | 3,204.00 |
| B190 | Other Contested Matters | 78.40 | 34,888.00 |
| B210 | Business Operations | 4.30 | 1,913.50 |

| | | | | |
|---|---|---|---|---|
| B310 | Claims Administration and Objections | | 14.90 | 6,630.50 |
| | **Total** | | **155.70** | **$69,286.50** |

16.     There has been no unnecessary duplication of services by the MPS professionals, either by partners, associates or paralegals of MPS. Where two or more professionals participated in any activity, such joint participation was necessary as a result of (a) either the size or complexity of the matters involved or (b) the need to familiarize each attorney with the matters at issue so that such attorney could perform further necessary services.

17.     The tasks performed by MPS in each of the listed categories and the fees and expenses incurred by MPS are set forth in the attached exhibits and are summarized below as follows:

**Exhibit A**: B110-Case Administration. The fees in this category include, without limitation, time expended for the following: review of monthly operating reports, monthly disbursement summaries; and general creditor inquiries. As more fully set forth in **Exhibit A** attached hereto, MPS has expended a total of 2.60 hours in this category and is seeking compensation in the amount of $1,157.0.

| **Timekeeper** | **Category** | **Rate** | **Hours** | **Amount** |
|---|---|---|---|---|
| David L. Kane | Partner | 445.00 | 2.60 | 1,157.00 |
| **Total** | | | **2.60** | **$1,157.00** |

**Exhibit B**: B130-Asset Disposition. The fees in this category include, without limitation, time expended for the following: all matters related to asset disposition, including all matters related to the sale of the Debtor's equipment assets. As more fully set forth in **Exhibit B** attached hereto, MPS has expended a total of 42.10 hours in this category and is seeking compensation in the amount of $18,734.50.

| **Timekeeper** | **Category** | **Rate** | **Hours** | **Amount** |
|---|---|---|---|---|
| David L. Kane | Partner | 445.00 | 42.10 | 18,734.50 |
| **Total** | | | **42.10** | **$18,734.50** |

{33599: 005: 01297022.DOC : }

**Exhibit C**: B160-Fee/Employment Applications. The fees in this category include, without limitation, time expended for the following: matters related to preparation of fee applications and pleadings related thereto. As more fully set forth in **Exhibit C** attached hereto, MPS has expended a total of 6.20 hours in this category and is seeking compensation in the amount of $2,759.00.

| Timekeeper | Category | Rate | Hours | Amount |
|---|---|---|---|---|
| David L. Kane | Partner | 445.00 | 6.20 | 2,759.00 |
| **Total** | | | **6.20** | **$2,759.00** |

**Exhibit D:** B185-Assumption/Rejection of Leases and Contracts. The fees in this category include, without limitation, time expended for the following: matters related to analysis of leases, rejection of leases, and issues related to the lease with Lake Park LLC at the Debtor's Hyde Park store. As more fully set forth in **Exhibit D** attached hereto, MPS has expended a total of 7.20 hours in this category and is seeking compensation in the amount of $3,204.00.

| Timekeeper | Category | Rate | Hours | Amount |
|---|---|---|---|---|
| David L. Kane | Partner | 445.00 | 7.20 | 3,204.00 |
| **Total** | | | **7.20** | **$3,204.00** |

**Exhibit E:** B190-Other Contested Matters. The fees in this category include, without limitation, time expended for the following: matters related to contested matters, pleadings and hearings related thereto, and all matters related to Adversary Proceeding No. 13-00740. As more fully set forth in **Exhibit E** attached hereto, MPS has expended a total of 78.40 hours in this category and is seeking compensation in the amount of $34,888.00.

| Timekeeper | Category | Rate | Hours | Amount |
|---|---|---|---|---|
| David L. Kane | Partner | 445.00 | 78.40 | 34,888.00 |
| **Total** | | | **78.40** | **34,888.00** |

**Exhibit F**: B210-Business Operations. The fees in this category include, without limitation, time expended for the following: attention to day-to-day debtor, creditor, vendor, and operational issues. As more fully set forth in **Exhibit F** attached hereto, MPS has expended a total of 4.30 hours in this category and is seeking compensation in the amount of $1,913.50.

| Timekeeper | Category | Rate | Hours | Amount |
|---|---|---|---|---|
| David L. Kane | Partner | 445.00 | 4.30 | 1,913.50 |
| Total | | | 4.30 | 1,913.50 |

**Exhibit G**: B310-Claims Administration and Objections. The fees in this category include, without limitation, time expended for the following: matters related to postpetition administrative claims and pleadings related thereto. As more fully set forth in **Exhibit G** attached hereto, MPS has expended a total of 14.90 hours in this category and is seeking compensation in the amount of $6,630.50.

| Timekeeper | Category | Rate | Hours | Amount |
|---|---|---|---|---|
| David L. Kane | Partner | 445.00 | 14.90 | 6,630.50 |
| **Total** | | | **14.90** | **$6,630.50** |

**Exhibit H**: Expenses. The fees in this category may include, without limitation, reimbursement of expenses for the following: advertising expenses related to the sale of the Debtor's equipment; and UCC searches related to Adversary Proceeding No. 13-00740. As more fully set forth in **Exhibit H** attached hereto, MPS is seeking compensation in the amount of $2,859.50.

## DISBURSEMENT SUMMARY

| E124 | Other | | 2,859.00 |
|---|---|---|---|
| | Total Disbursements | $2,859.00 | |

## CONCLUSION

18. MPS respectfully submits that the fees and expenses sought to be approved and allowed herein are reasonable given the nature, extent and value of services rendered, the complexity of the issues, the quality and skill which the matters required and the costs of comparable services in similar case under chapter 11 in this District. MPS's efforts in these cases led to the sale of substantially all of the Debtor's assets, the settlement with Lake Park LLC (the Debtor's largest administrative creditor), and victory for the Debtor in Adversary Proceeding No. 13-00740 against Dearborn Wholesale Grocers and the FDIC-R. Importantly,

{33599: 005: 01297022.DOC : }

the settlement with Lake Park LLC and the adversary victory allows the $35,000.00 in Sale proceeds to flow into the Debtor's estate. Indeed, MPS is solely responsible for facilitating the pro rata distribution payable therefrom to the other administrative creditors of the Debtor.

19. MPS has expended a total of 155.70 hours during the Final Period covered by this Final Application for the services described above. The total value of the services and the claim allowance requested for those services is $69,286.50. In addition, MPS has incurred $2,859.00 in actual necessary expenses related to its representation of the Debtors, for which it will not be reimbursed.

## **NOTICE**

20. Bankruptcy Rule 2002(a)(6) requires notice to all creditors of "any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000." Fed. R. Bankr. P. 2002(a)(6). Here, the Debtor is administratively insolvent. MPS therefore submits that it would be inequitable for MPS to incur unnecessary and excessive notice costs in connection with this Final Application – expenses that MPS would be forced to bear out-of-pocket with no hope of reimbursement. Indeed, MPS is already forced to bear the burden of tens of thousands of dollars of unreimbursed fees and expenses incurred during its representation of the Debtor.

21. Accordingly, notice of this Application has been given by CM/ECF to: (a) the Office of the United States Trustee; (b) counsel to the Committee; and (c) each party that has filed an appearance or requested notice pursuant to Federal Bankruptcy Rule 2002. In light of the nature of the relief requested, MPS submits that no further notice should be required.

22. MPS requests that the order approving this Final Application be effective immediately upon entry.

WHEREFORE, MPS respectfully requests that the Court enter an order (a) allowing on a final basis for the Final Period as MPS's administrative claim the amount of $69,286.50 for fees and $2,859.00 for expenses, respectively and (b) granting such other and further relief as is just and proper.

Dated: February 5, 2014                    Respectfully submitted,

                                           **MELTZER, PURTILL & STELLE LLC**


                                           By:  /s/ *David L. Kane*
                                                One of the Debtor's Attorneys

David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (facsimile)

{33599: 005: 01297022.DOC : }